**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-4350**

———————

UNITED STATES OF AMERICA,

                         Plaintiff - Appellee,

    versus

FELIPE RODRIGUEZ-FLORES,

                        Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  N. Carlton Tilley, Jr., Chief District Judge.  (CR-03-427)

———————

Submitted:  June 10, 2005         Decided:  June 28, 2005

———————

Before LUTTIG, MOTZ, and GREGORY, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Vaughan S. Winborne, Jr., Raleigh, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Michael F. Joseph, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Felipe Rodriguez-Flores appeals the district court's judgment imposed pursuant to his guilty plea to illegal reentry following deportation, in violation of 8 U.S.C. §§ 1326(a), (b) (2000), possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841 (2000), and being an alien in possession of a firearm, in violation of 18 U.S.C. § 922(g)(5) (2000). He does not contest his conviction, but rather only his sentence, on appeal.

Rodriguez-Flores asserts that he was denied his Sixth Amendment right to confront the evidence against him, because proper, reliable evidence of his probation violation did not exist. Specifically, Rodriguez-Flores asserts that his inability to test the veracity of the criminal history materials concerning his probation violation violates the heart of the Confrontation Clause, and that Blakely v. Washington, 124 S. Ct. 2531 (2004), "argues strongly for a rigorous observance of constitutional guarantees" that would prohibit the finder of fact from basing his decision on "flimsy or non-existent evidence."

After careful review of the record, we conclude that any error by the district court is harmless because even if the probation violation at issue were not assessed against him, and Rodriguez-Flores' criminal history score was reduced by two points as he requests, Rodriguez-Flores would still be subject to Criminal

History Category IV.[*]  Accordingly, we affirm his conviction and sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*]We note that contrary to Rodriguez-Flores' assertion on appeal, the district court originally sentenced him under Criminal History Category IV.